

**SWISSX** LEGAL™

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

# HARMONIA / SWISSX SOVEREIGN WEALTH FUND

**FIRST AMENDED FEDERAL COMPLAINT**

**Antitrust Market Foreclosure - IP Diversion - Tortious Interference - Preservation and Injunctive Relief**

| | |
|---|---|
| **ALKIVIADES DAVID d/b/a HARMONIA / SWISSX SOVEREIGN WEALTH FUND**<br>Plaintiff, | **Case No.:** To be assigned<br><br>**JURY TRIAL DEMANDED** |
| **v.** | |
| **BOIES SCHILLER FLEXNER LLP; DAVID BOIES; BASE HOLOGRAM LLC; PROTO INC.; DAVID NUSSBAUM; and DOES 1-50**<br>Defendants. | **Related preservation nexus:**<br>In re Application of Yulia Guryeva-Motlokhov, 25-MC-98 (JMF) |

**Filing posture.** This version is narrowed for federal pleading discipline: five named defendants, three core claims, ten particularized overt acts, and a compact evidence bundle. Plaintiff pleads allegations only unless and until determined by the Court. Foreign, state-court, and enforcement matters are pleaded only for nexus, materiality, record integrity, and preservation.

**Dated:** May 20, 2026

## I. Overview of the Claim

This action concerns alleged coordinated market foreclosure and commercial exclusion affecting Hologram USA, FilmOn, CinemaNow, FOTV, SwissX, and Harmonia / SwissX Sovereign Wealth Fund through three recurring mechanisms: (1) diversion of hologram technology, brand, know-how, show pipelines, and artist/estate relationships; (2) reputational-risk escalation and platform/advertiser de-risking; and (3) preservation-sensitive litigation, law-firm, and subpoena-derived record pathways.

Plaintiff does not ask this Court to adjudicate every foreign, state, or enforcement dispute. The purpose of this pleading is narrower: to identify federal commercial injury, antitrust market foreclosure, IP/business diversion, tortious interference, and preservation needs tied to specific defendants, acts, documents, and record repositories.

Plaintiff alleges that otherwise financeable assets were converted into risk-paralyzed assets, impairing his ability to structure, securitize, collateralize, refinance, monetize, or deploy assets and contracts said to be worth approximately US$10 billion.

Plaintiff separately references pending Privy Council-related default-damages claims asserted across 73+ defendants only to demonstrate materiality, scale, and preservation urgency. Those claims are not advanced here for liquidation.

Plaintiff is already before this Court pro se in connection with In re Application of Yulia Guryeva-Motlokhov, 25-MC-98 (JMF). Plaintiff alleges that subpoena-derived materials, wire-transfer records, law-firm records, metadata, litigation-funding records, and custodian records may overlap with the matters pleaded here.

## II. Parties and Defendant-Specific Particulars

| Defendant | Specific role pleaded | Primary evidence pathway |
|---|---|---|
| Boies Schiller Flexner LLP | Law-firm defendant alleged to possess or control records concerning litigation pressure, subpoena-derived materials, CBS/CNET issues, funding/referral records, and reputational escalation. | 25-MC-98; CBSYOUSUCK.com; law-firm files; funding and metadata records |
| David Boies | Attorney defendant alleged to have participated in, directed, or benefited from litigation/reputational pressure pathways affecting Plaintiff's media, platform, and commercial interests. | CBS/CNET; Boies communications; preservation and custodian records |
| Base Hologram LLC | Competitor alleged to have benefited from diversion of Hologram USA show pipelines, market opportunities, production know-how, and artist/estate relationships. | Hologram diversion; artist/estate contracts; personnel and show pipeline records |
| Proto Inc. | Competitor alleged to have benefited from diversion or repurposing of hologram technology, brand history, investor positioning, and related business opportunities. | Proto web provenance; technical/IP records; investor materials |
| David Nussbaum | Individual defendant alleged to connect Proto/hologram activity, business development, brand positioning, and disputed provenance pathways. | Proto communications; personnel/show pipeline records; Internet Archive captures |
| Does 1-50 | Unknown funders, agents, custodians, PR actors, litigation-support vendors, platform/advertising actors, cloud administrators, banks, and repository holders to be identified through discovery. | Custodian identification; metadata; cloud repositories; payment and funding records |

## III. Jurisdiction, Venue, and Preservation Nexus

This Court has subject-matter jurisdiction under 28 U.S.C. Sections 1331 and 1337 because this action arises under Sections 1 and 2 of the Sherman Act and Sections 4 and 16 of the Clayton Act. This Court has supplemental jurisdiction under 28 U.S.C. Section 1367 over related state-law and equitable claims.

Venue is proper in this District because relevant subpoena proceedings, wire-transfer records, New York media and finance channels, correspondent banking or payment pathways, platform and advertiser effects, and the related 25-MC-98 (JMF) preservation nexus are connected to this District.

Personal jurisdiction is proper because Defendants purposefully directed conduct toward New York markets, used New York legal, media, finance, platform, or commercial channels, or caused foreseeable commercial injury in this District.

## IV. Relevant Markets and Commercial Inputs

The relevant markets and adjacent input markets include: (a) hologram-based live entertainment and immersive-performance technology; (b) independent Internet-native media distribution, streaming, retransmission, and MVPD-related services; (c) advertising verification, brand-safety, monetization, app/platform, and payment infrastructure; (d) artist and estate licensing for

hologram performances; and (e) necessary legal, banking, investor, platform, and reputation-clearance inputs.

Plaintiff alleges Defendants' conduct foreclosed access to essential inputs through litigation pressure, reputational-risk tagging, advertiser de-risking, platform restrictions, SEC narrative misuse, law-firm file control, and IP/business diversion.

## V. Chronology

| Date / Period | Event / Material Fact | Evidence Pathway |
|---|---|---|
| 1997-1999 | Proto / Proto Digital Networks web materials appear in archive records, relied upon for provenance, brand-history, and commercial-origin issues. | Internet Archive / Proto captures |
| 2010-2016 | FilmOn, CinemaNow, FOTV, and related media ventures compete in Internet-native distribution and MVPD-related markets. | FCC NPRM, PACER litigation index, platform/investor records |
| 2014-2019 | FilmOn / FOTV / DoubleVerify and advertiser-risk issues allegedly impair monetization and commercial access. | DoubleVerify pathway; public timeline |
| 2015-2017 | Witness formation and contradiction issues arise in California litigation, including Chastity Jones, Mary Rizzo, MK, Carl Dawson, and related text and deposition pathways. | Jones declaration, Rizzo deposition, text materials |
| 2018-2021 | Alleged diversion of Hologram USA know-how, personnel, brand value, production systems, artist/estate relationships, and show pipelines to Base Hologram / Proto-related channels. | Hologram pathway; IP and personnel records |
| Nov 22, 2023 | Fred Heather iMessage states: 'Carl is being terrific in helping us on Jane Doe.' | Fred Heather / Carl Dawson screenshot |
| Apr 2, 2026 | Carl Dawson affidavit states he was available as a witness, says Nichols told him relationship was consensual, and says he was not called despite prior statements. | Carl Dawson affidavit |
| 2026 | Plaintiff seeks preservation in relation to 25-MC-98 (JMF) and overlapping wire-transfer, subpoena-derived, funding, law-firm, and metadata records. | SDNY preservation pathway |

## VI. Schedule 1 - Ten Particularized Overt Acts

| No. | Date / Period | Defendant(s) / Actor(s) | Specific Overt Act Pleaded | Direct Link to Loss / Discovery |
|---|---|---|---|---|
| 1 | 2018-2021 | Base Hologram / Proto / Nussbaum | Alleged capture or use of Hologram USA assets, artist relationships, production know-how, brand value, and show pipelines. | Hologram market foreclosure, IP/business diversion, lost show pipeline. |
| 2 | 1997-1999 and after | Proto / Nussbaum | Proto-related archived web records and brand/provenance materials allegedly overlap with later claimed Proto positioning. | Provenance, brand history, discovery into origin and continuity. |
| 3 | 2010-2016 | Boies / BSF / CBS-related pathway | CBS/CNET/Download.com and CBSYOUSUCK.com materials allegedly preserve evidence of platform-control and media-distribution disputes. | Motive, reputational suppression, market-distribution history. |
| 4 | 2014-2019 | Advertiser/platform actors; Does | Advertiser-risk and reputational classification allegedly impaired FilmOn/FOTV monetization, advertising access, and platform viability. | Input foreclosure, lost revenue, advertiser/platform discovery. |
| 5 | 2015-2017 | Witness pathway; Does | Witness formation and contradiction issues concerning Chastity, Rizzo, MK, Carl, and related testimony allegedly affected litigation and commercial reputation. | Record integrity, reputational injury, litigation pressure. |
| 6 | Feb 2016 | Chastity / Taylor pathway | Chastity Jones declaration states Elizabeth Taylor asked her to testify that she witnessed harassment 'to make her case bigger.' | Contradictory witness evidence; file-custody and omission discovery. |
| 7 | Sept 2017 | Rizzo deposition pathway | Mary Rizzo deposition includes testimony and objections concerning Chastity, Elizabeth Taylor, MK, and confidentiality issues. | Witness-formation and omitted-evidence pathway. |
| 8 | Nov 22, 2023 | Fred Heather / Glaser Weil pathway | iMessage from Fred Heather states Carl Dawson was 'terrific in helping us on Jane Doe.' | Counsel knowledge of omitted witness; custodian records. |
| 9 | Apr 2, 2026 | Carl Dawson | Dawson affidavit states Nichols said relationship was consensual, alleges attorney pressure, and states he was not called despite prior statements. | Omitted-witness materiality and prejudice. |
| 10 | 2026 | BSF / Boies / Does / custodians | Records potentially overlapping with 25-MC-98 include wire transfers, subpoena materials, law-firm files, funding records, metadata, and repository histories. | Preservation, expedited disclosure, custodian identification. |

## VII. Evidence Pathways

### A. Hologram / Proto / Base Diversion Pathway

Hologram USA is said to have developed artist relationships, estate licensing pathways, Pepper's Ghost systems, brand value, production systems, and show pipelines later diverted to Base Hologram, Proto, David Nussbaum, and related channels. Evidence includes personnel movement records, investor decks, production-rights records, technical files, and artist/estate communications.

### B. FilmOn / CinemaNow / FCC NPRM / PACER Pathway

FilmOn and CinemaNow demonstrate market participation in Internet-native distribution, streaming, retransmission, and MVPD-related markets. Evidence includes FCC NPRM materials, federal litigation index materials, retransmission records, licensing communications, app/platform communications, and investor materials.

### C. FOTV / DoubleVerify / Advertiser-Risk Pathway

FOTV allegedly suffered reputational foreclosure through advertiser-risk tagging, monetization suppression, banking paralysis, platform interference, and de-risking. Evidence includes DoubleVerify-related materials, advertiser records, platform records, financing denials, and public timeline materials.

### D. SEC / IPO Narrative Pathway

SEC references were allegedly used as commercial-risk tags affecting financing, IPO viability, investor access, and enterprise value. Plaintiff alleges about US$200 million in personal capital was invested while the SEC matter resolved for about US$120,000 in fines and fees.

### E. CBSYOUSUCK.com Whistleblower Archive Pathway

Plaintiff alleges CBSYOUSUCK.com preserved whistleblower and public-interest materials concerning CBS, CNET, Download.com, platform distribution, and alleged anti-competitive media conduct. Plaintiff pleads the archive as relevant to motive, suppression, public record, and preservation.

### F. Witness / Buried Evidence Pathway

Chastity Jones, Mary Rizzo, MK, Carl Dawson, Barbara Burke, Glaser Weil, Fred Heather, and related materials are relied upon to show alleged contradictory witness material, counsel-side knowledge, file control, and omission from operative records.

### G. 25-MC-98 Preservation Pathway

Plaintiff seeks preservation of wire-transfer records, subpoena-derived materials, litigation-funding records, law-firm files, cloud repositories, metadata, email headers, access logs, custodians, vendors, and all derivative-use records potentially overlapping with 25-MC-98 (JMF).

## VIII. Three Core Claims for Relief

| Count | Claim | Element Mapping and Factual Anchor |
|---|---|---|
| I | Sherman Act Sections 1 and 2 / Clayton Act Section 16 | Concerted or exclusionary conduct allegedly restrained trade and attempted to monopolize or foreclose relevant markets through IP diversion, platform/advertiser de-risking, reputational-risk tagging, litigation pressure, and input foreclosure. Injunctive relief is sought to prevent continuing harm. |
| II | Tortious Interference, Commercial Disparagement, and Trade Libel | Defendants allegedly interfered with artists, estates, investors, platforms, advertisers, banks, venues, distributors, and commercial counterparties through false or misleading commercial-risk impressions and reputational narratives causing special damage. |
| III | IP Misappropriation, Asset Diversion, Preservation, Accounting, and Equitable Relief | Defendants allegedly misappropriated or diverted Hologram USA know-how, show pipelines, brand value, artist relationships, and commercial opportunities; Plaintiff seeks preservation, accounting, constructive-trust remedies, expedited custodian disclosure, and metadata preservation. |

## IX. Antitrust Injury, Loss, and Materiality

| Category | Particulars | Value / Exposure |
|---|---|---|

| SwissX / Harmonia assets | Assets, contracts, IP, media, hologram, carbon-credit, and sovereign-development value allegedly impaired by risk paralysis. | Approx. US$10B |
|---|---|---|
| Hologram diversion | Loss of Hologram USA pipeline, artist/estate relationships, production know-how, market position, and brand value. | US$3B-US$5B alleged |
| FilmOn / CinemaNow / FOTV | Market suppression, advertiser/platform foreclosure, monetization damage, and loss of financing. | US$1B+ alleged |
| SEC / IPO narrative | About US$200M personal capital invested; alleged IPO and enterprise-value losses from regulatory stigma. | US$200M+ plus IPO damages alleged |
| Privy Council-related matters | Separate pending default-damages claims across 73+ defendants, referred to only for materiality and preservation urgency. | Not sought here |

## X. Preservation Demand

- Records subpoenaed, produced, reviewed, or requested in 25-MC-98 (JMF).

- Wire-transfer records, SWIFT messages, Fedwire data, account identifiers, payment instructions, and access logs.

- Litigation-funding agreements, retainer agreements, referral communications, payment records, and law-firm files.

- Boies Schiller, Base, Proto, Nussbaum, Hologram USA, FilmOn, CinemaNow, FOTV, SwissX, and Harmonia records.

- Artist, estate, venue, investor, licensing, advertising, platform, distribution, DoubleVerify, and banking communications.

- Trademark, patent, Pepper's Ghost, show-pipeline, production, personnel, Proto, Base, and Hologram USA records.

- SEC settlement and narrative-use records, IPO materials, investor denials, and underwriting communications.

- FCC NPRM, MVPD, retransmission, streaming, CBS/CNET/Download.com, CBSYOUSUCK.com, and platform-access records.

- Email headers, metadata, access logs, file-version histories, cloud repositories, link-access logs, and storage histories.

## XI. Prayer for Relief

- Declare Defendants violated federal antitrust law and related duties;

- Award compensatory damages according to proof and treble damages where available;

- Enter injunctive relief preventing coordinated exclusion, commercial disparagement, asset diversion, IP misuse, retaliatory de-risking, and interference with banks, investors, platforms, artists, estates, advertisers, and counterparties;

- Order preservation of all records, metadata, wire-transfer records, law-firm files, cloud records, editorial records, trust records, IP records, SEC records, FCC NPRM records, FilmOn/CinemaNow/FOTV records, CBSYOUSUCK.com records, and chain-of-custody materials;

- Order accounting for subpoena-derived or derivative materials connected to 25-MC-98 (JMF);

- Order limited expedited discovery to identify custodians, Doe defendants, communications, repositories, and financial records;

- Impose constructive trust or equitable lien over wrongfully diverted assets, proceeds, IP, or business opportunities where legally available;

- Award costs, fees where permitted, and pre- and post-judgment interest;

- Grant disability-compliant case-management directions; and

- Grant such other relief as the Court deems just and proper.

## XII. Jury Demand and Verification

Plaintiff demands trial by jury on all triable issues.

I, Alkiviades David, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information, and belief. Where matters are pleaded as allegations, submissions, or Plaintiff's case, they are stated as such.


Dated: May 20, 2026

/s/ Alkiviades David
Alkiviades David, Pro Se
SwissX Legal
SwissX Island - St. John's off Bay Street - Antigua & Barbuda
Tel: +44 7879 440604

## Exhibit Schedule and Compact Evidence Bundle

The following exhibit materials are included as a compact evidence-pathway bundle. Images are visual aids, document snapshots, or demonstratives; they are not offered as findings. Underlying files, metadata, originals, and source records should be preserved and produced through appropriate discovery.

| Exhibit | Description | Use |
|---|---|---|
| A | Hologram Heist demonstrative | IP diversion / provenance / show-pipeline pathway |
| B | Chastity Jones declaration page | Witness contradiction / formation / record integrity |
| C | Fred Heather / Carl Dawson screenshot | Counsel knowledge / omitted-witness pathway |
| D | PACER litigation index | Longstanding federal media and retransmission litigation history |
| E | Harmonia record-safety demonstrative | Provenance / notice / enforcement safety |
| F | Carl Dawson affidavit | Omitted witness / consent / attorney-pressure allegations |
| G | Jennifer medical / record-safety bundle | TBI / accommodation / case-management record |
| H | Public timeline PDF | Demonstrative chronology / market participation / preservation map |



*Exhibit A - Hologram pathway demonstrative: alleged diversion of technology, brand, show pipeline, and business assets. Allegations only; not findings.*



4.     After Elizabeth B. Taylor was terminated in June 2015, Ms. Taylor contacted me on multiple occasions via text messaging. Ms. Taylor asked me to testify that I had witnessed Alki David sexually harass Ms. Taylor "to make her case bigger." I have never been sexually harassed by Mr. David. I once again told Ms. Taylor that I would not testify or be a part of her case. I finally asked her to stop contacting me, which she did.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed in Beverly Hills, California, on February 16, 2016.

Chasity Jones

*Exhibit B - Chastity Jones declaration page: witness-contradiction / record-integrity pathway.*



*Exhibit C - Fred Heather / Carl Dawson iMessage screenshot: counsel-knowledge / omitted-witness pathway.*

| Party Name | Case Number | Case Title | Court | Date Filed | Date Closed |
|---|---|---|---|---|---|
| David, Alkiviades | ☆ 0:2014cv03123 | CBS Broadcasting Inc., et al v. Filmon.Com, Inc. | U.S. COURT OF APPEALS, SECOND CIRCUIT | 08/26/2014 | 02/16/2016 |
| David, Alkiviades | ☆ 0:2023pcf10100 | David v. Girardi | U.S. COURT OF APPEALS, FIFTH CIRCUIT | 01/31/2023 | 02/07/2023 |
| David, Alkiviades | ☆ 0:2013cv55156 | Fox Television Stations, Inc, et al v. FilmOn X, LLC, et al | U.S. COURT OF APPEALS, NINTH CIRCUIT | 01/25/2013 | 07/29/2014 |
| David, Alkiviades | ☆ 0:2013cv55226 | Fox Television Stations, Inc, et al v. FilmOn X, LLC, et al | U.S. COURT OF APPEALS, NINTH CIRCUIT | 02/07/2013 | 07/29/2014 |
| David, Alkiviades | ☆ 0:20151292b80151 | Fox Television Stations, Inc, et al v. Aereokiller, LLC, et al | U.S. COURT OF APPEALS, NINTH CIRCUIT | 08/04/2015 | 09/16/2015 |
| David, Alkiviades | ☆ 0:2015cv56420 | Fox Television Stations, Inc, et al v. Aereokiller, LLC, et al | U.S. COURT OF APPEALS, NINTH CIRCUIT | 09/17/2015 | 03/21/2017 |
| David, Alkiviades (pla) | ☆ 2:2011cv09437 | Sugar Hill Music et al v. CBS Interactive Inc et al | CALIFORNIA CENTRAL DISTRICT COURT | 11/14/2011 | 04/08/2015 |
| David, Alkiviades (dft) | ☆ 2:2012cv06950 | NBCUniversal Media LLC et al v. Barry Driller Inc et al | CALIFORNIA CENTRAL DISTRICT COURT | 08/13/2012 | 05/24/2017 |
| David, Alkiviades Alki (dft) | ☆ 2:2012cv06921 | Fox Television Stations LLC et al v. BarryDriller Content Systems Plc et al | CALIFORNIA CENTRAL DISTRICT COURT | 08/10/2012 | 05/24/2017 |
| David, Alkiviades (cc) | ☆ 2:2012cv07200 | Barry Diller v. BarryDriller Content Systems Plc et al | CALIFORNIA CENTRAL DISTRICT COURT | 08/21/2012 | 05/20/2013 |
| David, Alkiviades (cc) | ☆ 2:2012cv07200 | Barry Diller v. BarryDriller Content Systems Plc et al | CALIFORNIA CENTRAL DISTRICT COURT | 08/21/2012 | 05/20/2013 |
| David, Alkiviades (dft) | ☆ 2:2012cv07200 | Barry Diller v. BarryDriller Content Systems Plc et al | CALIFORNIA CENTRAL DISTRICT COURT | 08/21/2012 | 05/20/2013 |
| David, Alkiviades (dft) | ☆ 2:2013cv01612 | Aereo Inc v. Filmon.com Inc et al | CALIFORNIA CENTRAL DISTRICT COURT | 03/06/2013 | 05/20/2013 |
| David, Alkiviades (pla) | ☆ 2:2022cv05926 | Alkiviades David v. Gloria Allred et al | CALIFORNIA CENTRAL DISTRICT COURT | 08/20/2022 | 01/03/2023 |
| David, Alkiviades (pla) | ☆ 2:2023cv00736 | Alkiviades David et al v. Thomas Girardi et al | CALIFORNIA CENTRAL DISTRICT COURT | 01/31/2023 | 03/02/2023 |
| David, Alkiviades (pla) | ☆ 2:2023cv01731 | Alkiviades David et al v. Thomas Girardi et al | CALIFORNIA CENTRAL DISTRICT COURT | 03/07/2023 | 06/20/2023 |
| David, Alkiviades (pla) | ☆ 2:2023cv08724 | David v. Chora | CALIFORNIA CENTRAL DISTRICT COURT | 10/16/2023 | 10/23/2023 |
| David, Alkiviades (pet) | ☆ 2:2024cv01665 | Alkiviades David et al v. Los Angeles County Superior Court No. BC654017 Hon. Michelle Williams et al | CALIFORNIA CENTRAL DISTRICT COURT | 02/29/2024 | 09/03/2024 |
| David, Alkiviades | ☆ 0:2016cvpri07013 | Fox Television Stations, Inc., et al v. FilmOn.TV Networks Inc., et al | U.S. COURT OF APPEALS, D.C. CIRCUIT | 02/10/2016 | 05/17/2017 |
| DAVID, ALKIVIADES (dft) | ☆ 1:2013cv00758 | FOX TELEVISION STATIONS, LLC, et al v. FILMON X, LLC, et al | DISTRICT OF COLUMBIA DISTRICT COURT | 05/23/2013 | 07/14/2017 |
| David, Alkiviades (res) | ☆ 1:2010cv07532 | CBS Broadcasting Inc. et al v. Filmon.Com, Inc. | NEW YORK SOUTHERN DISTRICT COURT | 10/01/2010 | 08/09/2012 |
| David, Alkiviades (dft) | ☆ 1:2019cv09013 | Securities and Exchange Commission v. David et al | NEW YORK SOUTHERN DISTRICT COURT | 09/27/2019 | 03/19/2020 |
| DAVID, ALKIVIADES (pla) | ☆ 4:2023cv00435 | DAVID et al v. COMCAST INC. et al | TEXAS EASTERN DISTRICT COURT | 05/12/2023 | |
| David, Alkiviades (pla) | ☆ 3:2023cv00108 | David et al v. Girardi et al | TEXAS NORTHERN DISTRICT COURT | 01/13/2023 | 01/27/2023 |

*Exhibit D - PACER litigation index: longstanding federal media, retransmission, SEC, and platform-related litigation history.*

# HARMONIA – Provenance, Notice, and Record-Safety Issues
## Defendant's position for case-management purposes

### 1. Original Position Asserted by Defendant

- Alkiviades David says he was the original source of funds / settlor-side contributor for his children's trust interests.
- Bridgeford / Douglas Mikkonen material is relied on as funding / provenance evidence.
- Issue raised: later changes to the trust structure require scrutiny.

### 2. Core Question for the Court

**Is the provenance of HARMONIA, the 4 Wilton Place asset history, and the asserted security / enforcement picture safe, complete, and reliable?**

- Provenance
- Notice / consent
- Trust control
- Security interests
- Enforcement fairness

### 3. Parallel / Overlapping Activity Identified

- Charles Russell Speechlys for Dorsey & Whitney Trust Company LLC
- Howard Kennedy enforcement activity
- Grant Thornton receivership activity
- Mark Stephens / wider lawyer-network concerns raised by Defendant

*Presented here as matters raised on the record; not findings by the Court.*

### 4. Jennifer WhatsApp Evidence

- Jennifer says she knew nothing about the Harmonia proceedings.
  *"I don't know anything about this"*
- Jennifer says she had not spoken to Alex or anyone.
  *"I haven't talked to Alex or anyone"*
- Defendant relies on this as evidence going to notice, consent, and record safety.
  *"I don't know anything that's going on with that at all."*

### 5. Resulting Issues Raised by Defendant

- Apparent provenance alteration
- False-claim / conflict concerns
- Lack of notice / consent concerns
- Unsafe basis for irreversible enforcement

### 6. Relief / Procedural Point

The Defendant asks that these issues be treated as threshold record-safety and case-management matters before any final TPDO, Charging Order, receivership, restriction, possession, or other irreversible enforcement step is taken.

*Visual summary of issues raised by the Defendant from materials said to be already on the record.*

*Exhibit E - Harmonia record-safety demonstrative: provenance, notice, and preservation pathway. Allegations only; not findings.*