UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALKIVIADES DAVID d/b/a HARMONIA/SWISSX SOVEREIGN WEALTH FUND,

Plaintiff,

-against-

BOIES SCHILLER FLEXNER LLP, DAVID BOIES, BASE HOLOGRAM LLC, PROTO INC., DAVID NUSSBAUM, DOES 1–50,

Defendants.

26-CV-5619 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Alkiviades David doing business as Harmonia/SwissX Sovereign Wealth Fund ("SwissX"), filed this action *pro se*. Plaintiff signed the complaint, on behalf of SwissX, but did not pay the $405.00 in fees to initiate a new civil action or submit an application to proceed *in forma pauperis* ("IFP"). For the reasons discussed in this order, the Court dismisses without prejudice the claims asserted by SwissX.

**DISCUSSION**

To proceed with a civil action in this court, a plaintiff must either pay $405.00 in fees—a $350.00 filing fee plus a $55.00 administrative fee—or, request authorization to proceed IFP that is, without prepayment of fees, by submitting a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. Only a natural person, however, can proceed IFP—an entity like SwissX cannot.[1] *See Rowland v. California Men's Colony*, 506 U.S. 194, 196 (1993) (holding that only natural persons may proceed IFP under 28 U.S.C. § 1915).

[1] Though Alkiviades David signed the complaint as an individual, he does not assert any claims on his own behalf, only that of his business. (ECF 1.)

Moreover, an entity like SwissX cannot proceed without counsel. *See, e.g.*, *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*"). Accordingly, the Court dismisses any claims filed on behalf of SwissX without prejudice to that entity proceeding with this action with counsel and with the payment of the fees.

**CONCLUSION**

The Court dismisses the claims filed on behalf of SwissX without prejudice to this entity proceeding with this action with counsel and with the payment of the fees.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment dismissing this case.

SO ORDERED.

Dated: July 23, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge